## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HERBERT MIMS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO:    17-07324**

**B&J MARTIN, INC., ET AL**                         **SECTION: "I" (4)**

### ORDER

Before the Court is Plaintiff's **Motion to Quash (R. Doc. 45)** seeking an order from the Court quashing four subpoenas. The motion is opposed. R. Doc. 48. The motion was heard on the briefs.

I.     **Background**

The instant action was filed by Plaintiff Herbert Mims on July 31, 2017. Plaintiff alleges that he was on the M/V CHAD MICHAEL, a crew boat, and was being transferred by crew basket to the SP 49 A rig when a large wave hit throwing him off the crew basket and causing injuries. R. Doc. 1, p. 2. Plaintiff alleges that his injuries were the result of the negligence, inattention, and carelessness of the Defendants and their employees, as well as the unseaworthiness of the vessel. *Id.* at pp. 3-5. The Plaintiff further contends that he is entitled to maintenance and cure, as well as punitive damages and attorney's for the failure to pay maintenance and cure. *Id.*

Plaintiff filed the instant motion seeking to quash four subpoenas that were noticed by Defendant B&J Martin, Inc ("B&J"). R. Doc. 45. The subpoenas were sent to Louisiana Central Credit Union, Ally Bank Corporation, General Motors Acceptance Corporation, and OneMain Consumer Loan, Inc. R. Doc. 45-2. Plaintiff argues that the requests seek credit history, records related to loans, as well as loan payments, which have no bearing on the suit are an attempt to "sling mud" at the Plaintiff's character. R. Doc. 45-1.

Defendant B&J opposes the motion. R. Doc. 48. B&J argues that these records will help determine if the Plaintiff was having financial problems or had other incentives for his "baseless claim." *Id.* at p. 1. B&J argue that there are a number of factors which raise the question of whether or not the claim was fabricated for financial incentive. *Id.* at p. 2. Further B&J states that Plaintiff underwent back surgery and has provided an economic report detailing past and future loss of wages, and without the subpoenaed information the Defendant has no access to these records. *Id.* at p. 5.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

Federal Rule of Civil Procedure 45(a)(4) requires that if a subpoena commands "the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

## III. <u>Analysis</u>

First, the issue of standing is not addressed in either the motion or opposition. Plaintiff seeks to quash the subpoenas, however, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. Each subpoena at issue in the motion request:

> "Any and all loan files, correspondence, e-mails, loan applications, promissory notes, guarantee forms, loan balance printouts, any notices of delinquency, any demand letters and any disability claim forms and/or medical records or reports…"

R. Doc. 45-2. As these subpoenas are seeking financial and medical information of the Plaintiff in this action, the Court finds that these subpoenas implicate a sufficient personal right and interest such that the Court finds standing.

As a general matter, the scope of discovery under a Rule 45 subpoena is the same as that of Rule 26 which requires the discovery to be relevant. *See Spring v. Bd. Of Trustees of Cape Fear Community College,* No. 7:15-CV-84-BO, 2016 WL 4204153 at *2 (E.D.N.C. Aug. 8, 2016); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2552 (3d. ed.); *Baptiste v. Centers, Inc.,* 2013 WL 3196758, at *2 (M.D. Fl. June 21, 2013). As a result, "the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b)." *Hunsaker v. Proctor & Gamble Mfg. Co.*, 2010 WL 5463244, at *4 (D. Kan. 2010).

The Plaintiff argues that these subpoenas are highly irrelevant to this case and serve no purpose in the suit. Plaintiff contends that these requests are a fishing expedition meant to attack his character on issues unrelated to the accident and his injuries. R. Doc. 45-1, p. 2. Whereas, Defendant B&J argues that this information is relevant to determine whether Plaintiff had a financial incentive to fabricate the claim, to determine whether the Plaintiff has "told the truth," and is necessary address the claim for past and future loss profits. R. Doc. 48, pp. 2-6.

The Court, in evaluating the subpoenas in question, finds that they do not comply with the requirements of Rule 26(b) because they do not seek information relevant to the case and are facially overbroad. Further, the Court finds that B&J's arguments with respect to this motion to border on the absurd.

First, the four subpoenas in dispute in this case were sent to financial institutions, yet they seek "any disability claim forms and/or medical records or reports." R. Doc. 45-2. The Court is unsure as to how or why these financial institutions would have disability claim forms, medical records, or medical reports. This request was therefore either poorly and lazily drafted creating

facial overbreadth and irrational requests, or is truly meant to harass Plaintiff to waste time in this action. Either scenario requires quashing the subpoena.

Second, B&J claims the information requested in this subpoena is relevant to the claims of past and future lost wages. The Court finds this argument unpersuasive. The Plaintiff's loan and credit history would have no bearing on and is not relevant to his past or future lost wages in this matter. Further, asking for correspondence and emails related to loans indicates to the Court that these subpoenas are obviously not targeted to that specific concern.

Third, B&J argues this information has bearing on the credibility of the witness and a financial incentive to fabricate claims. Applying this logic to every case would mean that almost every Plaintiff had a financial incentive to fabricate claims as there are economic demands attached to civil litigation. Accepting this would allow discovery into every Plaintiff's financial history even when it has no bearing on the underlying facts and circumstances that are alleged to give rise to the claims of a case. In addition, B&J identifies nine "red flags" that indicate Plaintiff's alleged financial incentive to fabricate claims and attached exhibits supporting these red flags. The Court notes that B&J already has the information that supports their contention about fabrication, and therefore, discovery into the Plaintiff's financial history is both irrelevant and serves the purpose of attempting to pile on attacks of the Plaintiff's character and harass the Plaintiff about his financial history.

As a result, the Court finds that the subpoenas in dispute in this motion are facially overbroad, seek information that is irrelevant to the case, and serve the purpose of harassing the Plaintiff about his financial history. As such, the motion is granted and the subpoenas are quashed.

## IV. <u>Conclusion</u>

**IT IS ORDERED** that the Plaintiff's **Motion to Quash (R. Doc. 45)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the subpoenas issued to Louisiana Central Credit Union, Ally Bank Corporation, General Motors Acceptance Corporation, and OneMain Consumer Loan, Inc. are **QUASHED**.

**IT IS FURTHER ORDERED** that the **Motion to Expedite Motion to Quash (R. Doc. 46)** is **DENIED AS MOOT.**

New Orleans, Louisiana, this 24th day of February 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**